**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHAD WALTER GASH,

    Defendant - Appellant.

No. 25-2108
(D.C. No. 2:25-MJ-02862-GJF-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT** [*]
_____

Before **MATHESON**, **PHILLIPS**, and **MORITZ**, Circuit Judges.
_____

A criminal complaint accuses Chad Walter Gash of being a felon in possession of a firearm.  He appeals the district court's pretrial detention order.  Exercising jurisdiction under 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291, we affirm.

## I.  LAW GOVERNING PRETRIAL DETENTION

The Bail Reform Act allows pretrial detention only if "no condition or combination of conditions will reasonably assure the appearance of the person as

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

required and the safety of any other person and the community." 18 U.S.C.

§ 3142(e)(1). The detention decision must account for four factors:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves a . . . firearm . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person . . . ; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g). The government must prove flight risk by a preponderance of the

evidence, and it "must prove dangerousness to any other person or to the community

by clear and convincing evidence." *United States v. Cisneros*, 328 F.3d 610, 616

(10th Cir. 2003).[1]

## II.    BACKGROUND

After Mr. Gash was charged in this case, the probation office filed a pretrial

services report, which recommended his pretrial detention. Following a hearing, the

magistrate judge ordered that Mr. Gash be released under conditions pending trial.

The government appealed. Finding there was material information that was not

known to the prosecutor at the time of the initial detention hearing, the district court

remanded the matter to the magistrate judge for further consideration. After holding

a second detention hearing, the magistrate judge affirmed the release decision. The

government again appealed.

Following a hearing, the district court reversed the magistrate judge's release

order. Considering the § 3142(g) factors, the district court found that no combination

---

[1] Flight risk is not an issue in this appeal.

of release conditions could reasonably assure community safety. Specifically, the district court found the nature and circumstances of the charged offense weighed in favor of detention because of the dangerousness of the firearms involved. The court determined the weight of the evidence favored detention, too, citing what it characterized as strong evidence against Mr. Gash. The district court also found his history and characteristics and the danger posed by his release weighed in favor of detention. In evaluating these factors, the court noted that it had considered Mr. Gash's positive equities, but said that his significant criminal history, past drug use, alleged recent use of methamphetamine, and the fact the offense at issue occurred while he was under pretrial supervision for a state offense, all weighed in favor of detention. The district court therefore concluded the government had proved by clear and convincing evidence that Mr. Gash poses a danger to the community necessitating pretrial detention.

### III.   DISCUSSION

"[W]e accept the district court's findings of historical fact . . . unless they are clearly erroneous." *Cisneros*, 328 F.3d at 613. We review de novo the district court's application of the law to the facts, including the ultimate detention decision. *See id.*

Mr. Gash contends that in reaching its dangerousness determination, the district court failed to weigh the § 3142(g) factors. We disagree. Although the district court's written order does not expressly mention the § 3142(g) factors, the district judge addressed each of the factors and weighed them on the record during

the bail appeal hearing. Nothing more was required. *See* Fed. R. App. P. 9(a)(1) ("The district court must state in writing, *or orally on the record*, the reasons for an order regarding the release or detention of a defendant in a criminal case." (emphasis added)). Viewing the transcript of the hearing and the written order together, we have no doubt that the district court sufficiently considered each of the § 3142(g) factors.

Mr. Gash also challenges the detention order because he says it "does not include any analysis or reasoned explanation" why the release conditions the magistrate judge imposed "could not reasonably address any identified risk in this case." Aplt. Mem. Br. at 6. Section 3142(g) provides that "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, [the judicial officer shall] take into account the available information concerning" the four factors. As discussed above, the district court did just that during the bail appeal hearing. It adequately addressed the § 3142(g) factors and explained why *no conditions* could reasonably assure community safety.

Having reviewed de novo the district court's application of the law to the facts of this case, we agree with its conclusion that no release conditions could reasonably assure community safety if Mr. Gash were released.

## IV.    DISPOSITION

We affirm the district court's detention order.

Entered for the Court

Per Curiam